UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KIM M. PAULIN | CIVIL ACTION |
| VERSUS | NO. 13-5447 |
| DEPARTMENT OF HEALTH AND HOSPITALS, OFFICE OF MENTAL HEALTH, CHILD AND ADOLESCENT BEHAVIORAL HEALTH SYSTEM | SECTION "C" (2) |

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6). Rec. Doc. 10. The plaintiff opposes. Rec. Doc. 13. Having reviewed the record, the law, and the memoranda of counsel, the Court GRANTS IN PART and DENIES IN PART the motion for the reasons that follow.

### I.    Factual Background and Procedural History

The plaintiff instituted this action against her employer, the Louisiana Department of Health and Hospital, after a leave of absence from work to have her pacemaker generator replaced. Rec. Doc. 1 at 1-3. The plaintiff alleges that this leave of absence was covered under the Family Medical Leave Act ("FMLA") and that the defendant violated the FMLA by failing to restore her to her original position or its equivalent following her return to work. *Id.* The plaintiff also claims that the defendant violated the FMLA by denying her request to take educational leave. *Id.* at 3-4. Defendant now moves to dismiss, arguing that it is entitled to sovereign immunity as an arm of the state. Rec. Doc. 10.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) will be granted when a plaintiff fails to allege any set of facts that would entitle her to relief.  *See, e.g., Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). When reviewing a motion to dismiss, the Court construes allegations of the complaint liberally in favor of the plaintiff and accepts all well-pleaded allegations as true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). "[A] pro se complaint should not be dismissed merely because the plaintiff fails to articulate the correct legal theory. Rather, it is the duty of the Court to examine the complaint to determine if the allegations therein support a claim for relief under any possible legal theory." *Robertson v. Burger King, Inc.*, 848 F. Supp. 78, 79 (E.D. La. 1994) (citing 5A Wright & Miller, Federal Practice & Procedure Civil 2d § 1357 (West 1990); *Bermudez Zenon v. Restaurant Compostella, Inc.*, 790 F. Supp. 41, 44 n. 4 (D.P.R. 1992)).

## III. Analysis

Under the Eleventh Amendment to the United States Constitution, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908, 79 L. Ed. 2d 67 (1984) (citing *Employees v. Missouri Public Health & Welfare Dep't*, 411 U.S. 279, 280, 93 S. Ct. 1614, 1616, 36 L.Ed.2d 251 (1973)). This immunity is more than a defense to liability; it bars any proceedings against a state in a federal forum, regardless of its purpose or objective. *Fed. Mar. Comm'n v. S. Carolina State Ports Auth.*, 535 U.S. 743, 766, 122 S. Ct. 1864, 1877, 152 L. Ed. 2d 962 (2002). An exception to this principle exists where the United States Congress, pursuant to its powers under the Fourteenth Amendment to the United

States Constitution, acts to remove the states' sovereign immunity. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S. Ct. 2666, 49 L. Ed. 2d 614 (1976). Where this condition is met, an action against one of the several states may stand.

The defendant argues that the plaintiff's complaint must be dismissed on state sovereign immunity grounds, in light of the Supreme Court's recent opinion in *Coleman v. Court of Appeals of Maryland*. There, the Court recognized that the FMLA guarantees leave for employees for "(A) 'the birth of a son or daughter ... in order to care for such son or daughter,' (B) the adoption or foster-care placement of a child with the employee, (C) the care of a 'spouse ... son, daughter, or parent' with 'a serious health condition,' and (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work. 29 U.S.C. § 2612(a)(1)." *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 1332, 182 L. Ed. 2d 296 (2012). As the Court explained, the FMLA apparently "creates a private right of action to seek both equitable relief and money damages 'against any employer (including a public agency) in any Federal or State court of competent jurisdiction'" for any violation of its provisions. *Id.* (quoting 29 U.S.C. § 2617(a)(2)).

However, the *Coleman* Court held that the FMLA's protection of leave for a condition affecting the employee herself under subparagraph (D) - also known as the "self-care" provision - was not tied to any valid attempt by Congress to remove the sovereign immunity of the states. *Id.* at 1338. Therefore, the Court affirmed the judgment of the Court of Appeals, which had affirmed dismissal the plaintiff's self-care claim against his state agency employer. *Id.*

In this case, the plaintiff alleges that she was entitled to the FMLA's protections for a leave of absence to have her pacemaker replaced. Rec. Doc. 1. This allegation can only be

construed to raise a self-care claim under the FMLA, which is barred under *Coleman*. Therefore, the plaintiff's self-care claim must be dismissed, at least as it relates to her request for "monetary damages" and "exempletory [sic] damages."

However, it is at least arguable that the plaintiff's claim for "expungement of [her] employee file" is purely prospective and based on a continuing violation of the law, such that it can survive her employer's assertion of sovereign immunity. *See Diaz v. Michigan Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013) (noting that in *Coleman*, "[t]he Supreme Court . . . barred suits for damages only, not for equitable relief." Therefore, the "FMLA's provision providing a right of action against public agencies for equitable relief has not . . . been deemed unconstitutional."). The defendant has not shown grounds for dismissal of the plaintiff's request for equitable expungement.

Further, the defendant does not attack the adequacy of plaintiff's allegation that defendant refused to honor her educational leave request. Rec. Doc. 1 at 3-4. While the FMLA does not entitle the plaintiff to leave for educational purposes, *see* 29 U.S.C. § 2612(a)(1), this observation does not rule out every possible avenue of federal relief. The Court will not dismiss a claim *sua sponte* when the plaintiff has not had an opportunity to explain why it should not be dismissed. *See Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008). Therefore, the plaintiff's complaint cannot be dismissed in its entirety at this time. Accordingly,

IT IS ORDERED that motion to dismiss is GRANTED IN PART and DENIED IN PART. Rec. Doc. 5.

New Orleans, Louisiana, this 5th day of December, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE