UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIM M. PAULIN                                          CIVIL ACTION

VERSUS                                                 NO. 13-5447

DEPARTMENT OF HEALTH AND                               SECTION "C" (2)
HOSPITALS, OFFICE OF MENTAL
HEALTH, CHILD AND ADOLESCENT
BEHAVIORAL HEALTH SYSTEM

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss pursuant to 12(b)(1) and 12(b)(6). Rec. Doc. 15. The plaintiff opposes. Rec. Doc. 17.

The plaintiff filed this action to recover damages from her employer, the Louisiana Department of Health and Hospital, for alleged violations of the Family Medical Leave Act (FMLA). Rec. Doc. 1. She further requested "equitable expungement" and cited defendant's failure to honor her request for educational leave as a basis for unspecified remedies. *Id.* On defendant's motion, this Court dismissed plaintiff's claim for damages pursuant to the FMLA in light of the Supreme Court's recent decision in *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). Rec. Doc. 14. However, the Court did not dismiss the latter expungement and educational leave claims. Defendant now moves to dismiss the remaining claims, arguing that they are not supported by adequate pleadings of law and fact, that this Court lacks subject matter jurisdiction to address them, and that plaintiff has pursued them in an untimely fashion at this Court. Rec. Doc. 17.

1

Where subject matter jurisdiction is raised as one of multiple bases for dismissal, a court is obligated to consider it first to avoid exceeding its jurisdiction under the guise of resolving the case. *See, e.g.*, *McCasland v. City of Castroville*, 478 F. App'x 860 (5th Cir. 2012). A motion to dismiss under 12(b)(1) should be granted if it appears certain that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). In determining whether the plaintiff can meet this burden, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).   Defendant argues that any claim for educational leave or relief based on a previous denial educational leave would have to be based on state civil service law, which would deprive this Court of subject matter jurisdiction. The Court agrees. *See Griffith v. Louisiana*, 808 F. Supp. 2d 926, 933 (E.D. La. 2011) ("Louisiana has not waived its immunity in federal court for state law claims . . . ."). Insofar as plaintiff's claim is not based on state law, the Court can discern no legal basis for entitlement to relief. Therefore, this claim must be dismissed.

With regard to expungement, defendant argues that plaintiff has failed to overcome its assertion of sovereign immunity under the Eleventh Amendment by failing to name an officer in his official capacity as an defendant in this action. As defendant has argued, the *Ex Parte Young* exception to sovereign immunity only applies to suits seeking prospective relief against "individual state officers" for ongoing violations of federal law. 209 U.S. 123, 154, 28 S. Ct. 441, 452, 52 L. Ed. 714 (1908). While the failure to identify such an officer is no doubt a flaw in

the plaintiff's complaint, it could theoretically be remedied with leave to amend. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281, 117 S. Ct. 2028, 2040, 138 L. Ed. 2d 438 (1997) ("An allegation of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the [*Ex Parte*] *Young* fiction."). The bigger problem is that plaintiff not only fails to name a state official who violated the law by refusing to expunge her employment record, she also fails, in either her complaint or her opposition to dismissal, to identify a connection between expungement and her rights under a law enforceable in this Court. Plaintiff has the burden of identifying a sound basis for invoking the Court's subject matter jurisdiction, and she has given no indication that she will be able to do so. Under these circumstances, dismissal is warranted.

Accordingly,

IT IS ORDERED that motion to dismiss is GRANTED. Rec. Doc. 15.

IT IS FURTHER ORDERED that judgment be entered against plaintiff and in favor of defendant dismissing this matter with prejudice.

New Orleans, Louisiana, this 4th day of April, 2014.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE